UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The National-Interstate Council of State Boards of Cosmetology, Inc., <br><br> Plaintiff, <br><br> v. <br><br> 360Training.com, Inc., <br><br> Defendant. | Civil Action No.: 3:14-4543-MBS <br><br> COMPLAINT <br><br> (Jury Trial Demanded) |

The National-Interstate Council of State Boards of Cosmetology, Inc. ("Plaintiff"), complaining of 360Training.com, Inc. ("Defendant"), alleges the following:

### THE PARTIES

1. Plaintiff is a non-profit corporation organized and existing under the laws of the state of South Carolina having a principal address of 1221 Main Street, Suite 1800, Columbia, SC 29201.

2. Upon information and belief, Defendant is a corporation, organized and existing under the laws of the Texas, having a principal place of business at 13801 N. Mo-Pac, Suite 100 Austin, Texas 78727.

### JURISDICTION

3. This action arises under the Lanham Act pursuant to 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338.

4. The state and common law causes of action are properly before this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b), as the parties reside in this District and Division; and the acts committed by Defendant that serve as the grounds for this complaint

occurred within and were targeted towards this District and Division and the residents located within this District and Division.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff is the owner of U.S. Trademark Registration No 3,300,595 for the mark NIC for "developing and preparing examination for the state registration of cosmetologists" (the "Mark").

7. A true and correct copy of Plaintiff's registration for the Mark is attached as Exhibit A.

8. Plaintiff also uses its Mark in association with providing business consulting services to state board administration agencies that proctor Plaintiff's exams.

9. Plaintiff has been using the Mark to provide its services since at least as early as 1959.

10. Through Plaintiff's use of the Mark, consumers have come to recognize the Mark as indicating Plaintiff as the source of its services.

11. Through its use of the Mark, Plaintiff has developed substantial common law rights to the Mark.

12. Through its use and registration of the Mark, Plaintiff has developed substantial statutory rights to the Mark.

13. Defendant is using Plaintiff's Mark and confusingly similar variations thereof to advertise cosmetology exam preparation services for state specific cosmetology exams, including the South Carolina state exam.

14. Defendant is directing its advertising, which includes use of the Mark, into South Carolina.

15. Defendant is directing its advertising, which includes use of the Mark, into Plaintiff's market area.

2

16. Defendant is using Plaintiff's Mark to advertise its services in the same market that Plaintiff provides its services.

17. Defendant's advertising, which includes use of the Mark, is targeting the same or similar customers as those targeted by Plaintiff.

18. Upon information and belief, Defendant is using Plaintiff's Mark to advertise its services to the same customers to whom Plaintiff markets and provides its services.

19. Plaintiff's first use of the Mark predates Defendant's use of the Mark or any confusingly similar variation thereof.

20. Plaintiff's rights to the Mark are superior to any rights that Defendant may claim in the Mark.

21. Plaintiff has demanded that Defendant cease using Plaintiff's Mark or any confusingly similar variation thereof.

22. Despite Plaintiff's demands, Defendant continues to use the Mark to advertise its services.

**FIRST CAUSE OF ACTION**
**Infringement Of A Registered Mark**
**(15 U.S.C. §1114)**

23. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-22 as if fully repeated herein.

24. Plaintiff is the owner of valid and enforceable statutory trademark rights to the Mark.

25. Plaintiff is using its Mark in the same geographic areas as Defendant's use of the Mark.

26. Plaintiff is using its Mark to provide the same or similar services as Defendant provides.

27. Plaintiff provides its services to the same or similar customers as those of Defendant.

28. Defendant is falsely designating the source of its services as though they originated from or are affiliated with Plaintiff.

29. Defendant is in competition with Plaintiff.

30. Defendant's unauthorized use of the Mark is likely to cause consumer confusion as to the source of Defendant's services.

31. Defendant's unauthorized use of the Mark has caused actual consumer confusion as to the source of Defendant's goods and/or services.

32. As a result of Defendant's unauthorized use of the Mark, consumers are mistakenly believing that Defendant's services originated from or are affiliated with or are sponsored by Plaintiff.

33. The mark that Defendant is using is confusingly similar to Plaintiff's Mark.

34. The mark that Defendant is using is identical to Plaintiff's Mark.

35. Defendant's use of the Mark constitutes infringement of a federally registered mark in violation of 15 U.S.C §1114.

36. Defendant's use of the Mark or a confusingly similar variation thereof, is taking Plaintiff's reputation out of its control.

37. Plaintiff has no adequate remedy at law concerning the confusion created by Defendant's use of the Mark or confusingly similar variation thereof.

38. Plaintiff is entitled to an injunction to prevent Defendant from using the Mark or any other mark that is confusingly similar to Plaintiff's Mark.

39. Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendant while using the Mark, lost sales, costs of the action, and other damages as may be determined at trial.

GREENVILLE 320459v1

40. Defendant's actions are willful and with knowledge of Plaintiff' rights.

41. Defendant's actions have resulted in actual consumer confusion.

42. This is an exceptional case entitling Plaintiff to treble damages and attorney fees.

### SECOND CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### (15 U.S.C. §1125(a))

43. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-42 as if fully repeated herein.

44. Plaintiff is the owner of valid and enforceable common law rights in the Mark.

45. Defendant's use of Plaintiff's Mark or a confusingly similar variation thereof is likely to cause consumer confusion.

46. Defendant's use of Plaintiff's Mark or a confusingly similar variation thereof has caused consumer confusion.

47. Defendant's use of the Mark constitutes false designation of origin and unfair competition.

48. Plaintiff is entitled to an injunction preventing Defendants' use of the Mark or any other mark that is confusingly similar to Plaintiff's Mark.

49. Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendant while using the Mark, lost sales, costs of the action, and other damages as may be determined at trial.

50. Defendant's use of the Mark is a willful violation of Plaintiff's rights.

51. This is an exceptional case of willful infringement.

### THIRD CAUSE OF ACTION
### Violation of the SC Unfair Trade Practices Act
### (SC Code Ann § 39-5-10 et seq.)

GREENVILLE 320459v1

52. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-51 as if fully repeated herein.

53. Defendant's actions are deceptive in that they are likely cause consumer confusion regarding the source of Defendant's services.

54. Defendant's actions are deceptive in that they have caused consumers to mistakenly believe that Defendant's services are being provided by Plaintiff or that Defendant is affiliated, endorsed or sponsored by Plaintiff.

55. Defendant's actions are deceptive in that they divert consumers looking for Plaintiff to Defendant.

56. Defendant's actions are capable of repetition and to otherwise adversely affect the public interest.

57. Defendant's actions have continued despite Plaintiff's demands that Defendant cease using the Mark and/or confusingly similar variations thereof.

58. Defendant's actions, as described herein, are in violation of S.C. Code Ann. § 39-5-20(a).

59. Defendant's actions have been committed with the intent, purpose and effect of procuring an unfair competitive advantage over Plaintiff.

60. Defendant's actions have caused and are causing damages to Plaintiff.

61. Defendant's actions are causing Plaintiff irreparable harm by taking Plaintiff's reputation out of its control.

62. Defendant's actions were and continue to be a willful and knowing violation of S.C. Code Ann. § 39-5-20.

63. Plaintiff is entitled to an injunction against Defendants prohibiting Defendants from engaging in unfair and deceptive trade practices as well as treble damages plus attorney fees.

**WHEREFORE**, Plaintiff hereby requests a jury determination of the issues raised and prays that this Court and/or the trier of fact award the following relief:

A. A determination that Defendant has infringed Plaintiff's statutory service mark rights;

B. A determination that Defendant's actions constitute false advertising and unfair competition;

C. A determination that Defendant's actions violate 15 U.S.C. § 1114 and 1125(a);

D. A determination that Defendant's actions violate the South Carolina Unfair Trade Practices Act;

E. A determination that Defendant's acts were committed willfully;

F. A determination that this is an exceptional case;

G. A temporary and permanent injunction against Defendant to enjoin Defendant and its officers, agents, licensees, and franchisee, and directors from providing test preparation services and/or any related services in association with any trademark that contains or is confusingly similar to NIC;

H. A temporary and permanent injunction against Defendant to enjoin Defendant and its officers, agents, licensees, and franchisee, and directors from unfairly competing against Plaintiff.

I. An award of damages, including Defendant's profits, Plaintiff's lost sales, the costs of the action and attorneys' fees pursuant to 15 U.S.C. § 1117 and S.C. Code § 39-5-140, the amount of which is to be determined at trial; and,

J. For such other relief as this Court deems just and proper.

<table>
<tr><td>

Date: December 1, 2014

</td><td>

Respectfully submitted,

McNAIR LAW FIRM, P. A.

s/Hunter S. Freeman
Hunter S. Freeman (Fed ID #9313)
Douglas W. Kim (Fed. ID $9004)
P.O. Box 447
Greenville, SC 29602
Telephone: 864-271-4940
Fax: 864-271-4015
Email: hfreeman@mcnair.net
*Attorneys for Plaintiff*

</td></tr>
</table>

8